## POINIER *v.* UNITED STATES.

(*District Court, E. D. South Carolina.* October 19, 1889.)

1. ELECTIONS—FEES OF SUPERVISORS.
   Under Rev. St. U. S. § 2031, allowing each chief supervisor of elections a fee of 15 cents per folio for entering and indexing the records of his office, he is entitled to that compensation for recording and indexing each appointment of a supervisor, and he should be allowed pay for two folios in each appointment.
2. SAME.
   For drawing instructions to supervisors, as required by section 2026, he is entitled to 15 cents per folio, and for each copy furnished a supervisor, 10 cents per folio.
3. SAME.
   The fee for administering oaths to supervisors is not chargeable to the United States.

**4. SAME.**

    The clause of section 2031 limiting the time of actual service for which a supervisor may receive compensation to 10 days does not apply to the chief supervisor, who is entitled to compensation for all the time spent in attendance on the circuit court when sitting for the purpose of preserving order at the elections in the circuit, as provided by section 2011. As he is appointed chief supervisor because he is a United States commissioner, and the latter receives the fees of a clerk for services similar to those rendered by a clerk, the fee of a clerk for attendance at court —five dollars per day, and mileage at the rate of five cents per mile traveled—should be allowed the chief supervisor for his attendance.

**5. SAME.**

    He should be allowed for the stationery used in his office, the printed blanks, books, etc., and copies of orders of court appointing supervisors, etc., but this does not include blank applications for the appointment of supervisors.

**6. SAME.**

    The fees of 15 cents per folio for recording and indexing documents, and of 10 cents for filing and caring for papers required to be filed, apply to papers furnished the court containing information respecting supervisors, to information furnished to him by the supervisors themselves.

At Law.

Plaintiff, Samuel T. Poinier, a commissioner of the circuit court of the United States for South Carolina, was appointed chief supervisor. He resided at Spartanburg, S. C., and there kept his office. At the opening of the circuit court, according to law, on October 5, 1888, he left Spartanburg, and went to Charleston, where the court was in session, and attended it *de die in diem*, discharging his duties as chief supervisor. When the election was over, and the votes were counted, he prepared and submitted his accounts, which were examined and approved by the district attorney and the judge. When they reached the department of the treasury in Washington, certain items were disallowed by the first comptroller of the treasury. Thereupon the plaintiff brought suit in this court against the United States. In his petition he sets out all necessary facts, and produces his entire account, including the items disallowed. The United States file an answer insisting on the disallowances. At the hearing all the items of the accounts disallowed were proved. The questions submitted were questions of law, under a construction of sections of the Revised Statutes.

*John Wingate*, for plaintiff.

*Abiel Lathrop*, U. S. Dist. Atty., and *H. A. De Saussure*, Asst. U. S. Dist. Atty.

SIMONTON, J. The officer known as "chief supervisor of elections" is a commissioner detailed as such on special duty involving new responsibilities and duties. These, however, do not exclude services as commissioner; on the contrary, they include them, and are superinduced on his duties as commissioner. Rev. St. U. S. §§ 2025, 2031. He is required, as chief supervisor, to prepare certain blanks and other papers, and to perform some other specified duties. Section 2026. His compensation in the discharge of these duties is fixed by section 2031, but this compensation is apart from, and is in addition to, the fees allowed by law for any duty performed by him as commissioner. Id. §§ 847, 2031; *In re Conrad*, 15 Fed. Rep. 641; *Gayer v. U. S.*, 33 Fed. Rep. 625. When he performs his specified duties of chief supervisor he gets a compensation provided in the act for these specified duties. If in the

discharge of the duties of chief supervisor he performs services analogous to or the same as those of commissioner, for which no specified compensation is provided in the title 26, he must look for his compensation to the statute relating to the fees of the commissioner. It is always to be presumed that when special duties are imposed on an officer of the government, when such officer is wholly dependent on the fees of his office, and has no fixed salary, gratuitous service is not to be implied. See *Gratiot* v. *U. S.*, 15 Pet. 336. Let us examine the charges that have been disallowed.

*First.* Recording and indexing the appointments of 1,008 supervisors. It is manifest, in order to discharge his duties in connection with supervisors, instructing them from time to time, obtaining information from and of them, that the chief supervisor must have in his office a list of the supervisors who have been appointed, and the evidence of their appointments. Besides this, each supervisor must be put in possession of some certificate of his appointment, and such certificate should be recorded by the chief supervisor, and, when filed, they should be indexed. Each of these papers forms two folios. Under section 2031 he gets for entering and indexing every record of his office 15 cents per folio, which is charged here, and is allowed.

*Second.* Drawing instructions to supervisors, 16 folios, at 15 cents, $2.40; copies for 1,008 supervisors, each 16 folios, at 10 cents. The duty of instructing supervisors, responsible and important as it is, is devolved on the chief supervisor. It is not simply a clerical act of the character of those mentioned in section 2031, but one more analogous to his duties as commissioner, and more judicial in its character. For like duties as commissioner he is allowed 15 cents per folio for preparing papers, and 10 cents per folio for each copy of the paper so prepared. Let him have this allowance.

*Third.* Administering oaths to supervisors, 26, at 10 cents each. In the case of *Gayer* v. *U. S.* I allowed a charge like this. Upon reexamination I cannot find any provision of law which puts upon the government the cost for swearing supervisors. The supervisors necessarily take an oath, but, as they are not compelled to serve, their act is voluntary. The first comptroller of the treasury has good reason for not allowing this charge. The expense of taking the oath must be paid by the supervisors themselves. This item is disallowed.

*Fourth. Per diem* for attendance on court. The circuit court was open by order of the circuit judge, under section 2011, on 5th day of October. Section 2026 required the chief supervisor to attend upon the opening of court. He did attend, and day by day discharged his duties as required by law. The provision limiting the pay of supervisors cannot apply to him. His duties are entirely distinct from, and in no way resemble, the duties of supervisors. He is not a supervisor. He directs and controls supervisors. Here, then, we have a commissioner of this court appointed chief supervisor, and eligible to his office only because he is a commissioner called upon to perform certain duties. The first of these was to attend in person the special term of the circuit court

provided for by statute, and *de die in diem* present business to that court, and furnish information for its action. This requires his personal presence before the court. No provision is made for his compensation for these duties in section 2031, and no specific provision is made in section 847, but section 847 declares "that issuing any warrant or writ, and for any other service, the commissioner shall receive the same compensation as is allowed to clerks for like service." An ingenious argument · was made on behalf of the defendant that the words "for any other service" meant issuing any paper requiring service; this word being used in its narrowest technical sense. But the compensation is for service. The clerk never serves writs and warrants and such like papers. The words must be taken in their natural meaning, and this conveys an idea of the performance of duties similar to those performed by a clerk. Section 828 gives to a clerk, for traveling from the office of the clerk where he is required to reside to the place of holding any court required by law to be held, five cents a mile for going and five cents a mile for returning, and five dollars a day for attendance on court while actually in session. The plaintiff was required to keep his office in Spartanburg. When he was delegated as chief supervisor it became necessary that he should travel from his office in Spartanburg to Charleston, where the court was held according to law. Let him have his mileage and *per diem*.

*Fifth.* Items of bill of stationery, printed blanks of oaths, $4.75; printed certificate of service, $1.50; blank application for supervisors. Section 2026 directs the chief supervisor to prepare and furnish all necessary books, forms, and instructions. As the number of supervisors is very great, the chief supervisor saves time, trouble, and expense by printing. He should be reimbursed for printing all necessary blanks emanating from his office, made necessary for the proper discharge of their duties by supervisors. Among these are the oaths to be taken by the supervisors in order to secure accuracy and uniformity, and for the same reason the form of certificate they must use in order to obtain pay. So, also, the orders made by the court appointing supervisors should be printed, and the disbursements for printing them be allowed to the chief supervisor. The same necessity does not exist for application of supervisors. Section 2026 does not make it his duty to prepare these applications. See *Gayer* v. *U. S., supra.* The item for these applications is not allowed,—$5.50.

*Sixth.* Recording and indexing 105 informations, 2 folios each, at 15 cents. Section 2026 requires the chief supervisor to furnish to the court information in respect to supervisors appointed by the court, and also it requires certain information from supervisors of elections themselves. He is also allowed for filing and caring for every return, report, record, document, and other papers, 10 cents. It appears in this case that these informations were papers of a character required by law. It was his duty to file them, and he is entitled to compensation for them. Let this item be allowed. An order will be taken carrying out the conclusions of this opinion.